UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACK RAYMOND WADSWORTH, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-417-JD-MGG |
| WILLIAM R. HYATTE, et al., | |
| Defendants. | |

OPINION AND ORDER

Jack Raymond Wadsworth, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wadsworth is housed in the Restrictive Housing Unit at Miami Correctional Facility and complains about aspects of his confinement there. Specifically, he lists three violations of Indiana Department of Correction policies and seeks to hold Warden William Hyatte, Deputy Warden of Operations Jacqueline Scaife, and Major Robert Bennett liable for the alleged violations. According to the complaint, these violations had been going on for about three months before he filed suit.

First, he alleges that Warden Hyatte impermissibly orders "No Power" Ranges as a punishment, even though IDOC's disciplinary policy expressly prohibits major changes in lighting to be used as a sanction. ECF 1 at 2. *See* IDOC Policy and Administrative Procedure 02-04-101, The Disciplinary Code for Adult Offenders, at p. 43, eff. date Mar. 1, 2020, available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf (last visited July 14, 2022) (prohibiting imposing "[a] substantial change in heating, lighting, or ventilation" as a disciplinary action). Further, he says that turning off the power goes against Mental Health Policies for any offender with a Mental Health Code "D," who may not be placed in any cell without an exterior window or proper lighting. ECF 1 at 2.

Next, Wadsworth complains that the defendants do not ensure that custody staff do security check rounds every 30 minutes as required by policy. ECF 1 at 2. Instead, he contends custody staff does rounds every 3 to 4 hours.

Finally, Wadsworth alleges that he has never been given the opportunity to shave while in RHU, even though IDOC policy states that offenders in RHU should be allowed to shave three times a week. *See* IDOC Policy and Administrative Procedure 02-04-102, Disciplinary Restrictive Status Housing, at p. 17, eff. date Jan. 1, 2018, available at https://www.in.gov/idoc/files/02-04-102-DRSH-1-1-2018.pdf, ("Each offender shall be offered a sufficient period of time, at least three (3) times per week, to shower and shave.").

Wadsworth's complaint does not state a claim under 42 U.S.C. § 1983. Section 1983 allows a plaintiff to sue for a violation of his federal rights, not of IDOC policies.

2

*See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (claim under § 1983 requires that plaintiff was deprived of a federal right by a person acting under color of state law). A violation of IDOC policy alone cannot form the basis for a constitutional claim. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). Instead, Wadsworth must allege how those violations of policies also resulted in a violation of the federal constitution or laws.

The allegations here cannot be construed as constitutional violations. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at

3

834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

The allegations regarding the "No Power" Ranges do not satisfy the objective component of an Eighth Amendment violation. "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 665 (7th Cir. 2012). Wadsworth does not detail the effect not having power had on him personally. Nor does he explain why these conditions are imposed or how long he was left without power.

Similarly, Wasdworth does not allege that he was harmed by the staff conducting rounds less frequently than prescribed by policy. Prison conditions in the abstract do not violate the constitution unless the plaintiff has shown some kind of harm attributable to that condition. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (discussing the types of injury that may support a constitutional violation based on the severity, duration, nature of the risk, and susceptibility of the inmate to harm from the complained-of prison condition).

Finally, Wadsworth's allegations concerning his inability to shave for the three months prior to filing the complaint do not state a constitutional claim. He has not articulated any harm that might occur from not shaving.

This complaint does not state a claim for which relief can be granted. Nevertheless, Wadsworth may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jack Raymond Wadsworth, Jr., until **August 24, 2022**, to file an amended complaint; and

(2) CAUTIONS Jack Raymond Wadsworth, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 19, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT