UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACK RAYMOND WADSWORTH, JR., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. HYATTE, JACQUELINE SCAIFE, and ROBERT BENNETT, <br><br> Defendants. | CAUSE NO. 3:22-CV-417-JD-MGG |

OPINION AND ORDER

Jack Raymond Wadsworth, Jr., a prisoner without a lawyer, filed a complaint against Miami Correctional Facility Warden William Hyatte, Deputy Warden of Operations Jacqueline Scaife, and Major Robert Bennett about alleged violations of several prison policies he experienced in the Restrictive Housing Unit. ECF 1. The court determined that policy violations, alone, do not state a constitutional claim and gave him the opportunity to file an amended complaint to explain how the policy violations also violated the constitution and how the defendants were deliberately indifferent to those violations. ECF 7. He has done so. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it

if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wadsworth alleges that he is mentally ill and takes medication for PTSD, anxiety, paranoia, and depression. He contends that Hyatte, Scaife, and Bennett violated his Eighth Amendment rights by placing him on a "No Power" Range for more than 90 days as a punishment without due process. Being in the dark for prolonged periods of time, he says, caused him "great emotional and psychological injury." ECF 9 at 2.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, light, clothing, shelter, bedding, hygiene materials, sanitation, and medical care. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Inadequate lighting, on its own, can become an Eighth Amendment violation if an inmate spends a "significant amount of time in near total darkness." *Hicks v. Lannoye*, No. 20-CV-505, 2021 WL 2454050, at *3 (E.D. Wisc. June 16, 2011) (collecting cases). On the subjective prong, the

prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

      Here, Wadsworth alleges that he was in the dark for prolonged periods of time. Giving him the inferences to which he is entitled at this stage, this satisfies the objective prong of an Eighth Amendment violation. However, the amended complaint does not plausibly allege that all three defendants were deliberately indifferent to the violation. Wadsworth sued supervisory defendants, and defendants cannot be held liable solely because they oversee operations at the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Supervisory prison staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019). Here, Wadsworth does not explain how each of them were involved in placing him on a "No Power" range. Nor does he allege that these defendants were actually aware of the harmful effect the darkness had on him, personally. Thus, the amended complaint does not state a claim against these defendants for the lighting conditions Wadsworth experienced in the RHU.

      Next, Wadsworth sues these defendants for not ensuring that custody staff did rounds every 30 minutes as required by policy. Wadsworth was told in the previous screening order that in order to state a claim under 42 U.S.C. § 1983, he had to explain how the less-frequent rounds harmed him personally. ECF 7 at 4. In his amended complaint, he alleges that the less-frequent rounds caused him "emotional and psychological injuries due to his mental illness and PTSD trauma." ECF 9 at 2. He says

3

that he was unable to timely notify custody staff of mental issues he experienced on a daily basis, and therefore was unable to make mental health aware that he needed treatment in a timely fashion.

These vague allegations are insufficient to plausibly allege that Wadsworth suffered an injury from the less-frequent rounding. Wadsworth's allegations boil down to a contention that his mental health care was negatively affected because he could not get access to care as quickly as he wanted. To allege a denial of constitutionally adequate medical care, Wadsworth must allege that he suffered from a serious medical need and that a particular defendant was deliberately indifferent to that need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Here, the allegations are too vague to establish that Wadsworth had a serious medical need those times when he says he was delayed treatment, nor is it clear how the delay in treatment injured him. Furthermore, the complaint does not establish a plausible basis to conclude that these supervisory-level defendants, who themselves were not responsible for conducting rounds, were actually aware of a substantial risk of harm to Wadsworth from not enforcing a more-frequent rounding schedule.

Finally, Wadsworth adds more information to his complaints about not being able to shave for the 90 days he was in RHU. He alleges that not being able to shave for this period constitutes a deprivation of life's minimal necessities. In particular, he says he has severe dry skin on his face and neck. If he is not clean-shaven, he cannot properly apply his prescribed medical cream. As a result, he scratches at his face and neck, frequently breaking the skin and drawing blood.

4

Wadsworth has alleged a plausible basis to conclude that denying him the ability to shave for 90 days unnecessarily causes him pain. However, he does not plausibly allege that these supervisory-level defendants were actually aware that him not being able to shave would cause that result. He says only that he "notified Hyatte, Scaife, and Bennet as well as others about the Eighth Amendment violations he has had committed against him." ECF 9 at 3-4. This is insufficient to show they had actual notice of the consequences from not being able to shave.

Finally, the court considers whether Wadsworth states a claim for injunctive relief. Personal involvement is unnecessary for a plaintiff to state a claim for injunctive relief. Instead, a claim for injunctive relief requires only that a court "conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002) (quotation marks and brackets omitted). However, it does not appear that Wadsworth is still subject to these conditions, and therefore injunctive relief is not available here.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Wadsworth may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his

5

law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jack Raymond Wadsworth, Jr. until **November 10, 2022**, to file an amended complaint; and

(2) CAUTIONS Jack Raymond Wadsworth, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 7, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT