UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACK RAYMOND WADSWORTH, JR.,

    Plaintiff,

        v.                          CAUSE NO. 3:22-CV-417-JD-JEM

WILLIAM R. HYATTE, JACQUELINE
SCAIFE, and ROBERT BENNETT,

    Defendants.

OPINION AND ORDER

Jack Raymond Wadsworth, Jr., a prisoner without a lawyer, filed a complaint raising several concerns about the conditions of confinement in the Restricted Housing Unit (RHU) at Miami Correctional Facility. ECF 1, 9. His complaint did not state a claim and he was given the opportunity to file an amended complaint that corrected the errors identified in the earlier filings. EDF 7, 10. He has filed an amended complaint, narrowing the issue to being denied the ability to shave while in the RHU. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wadsworth alleges that while in segregation in the RHU, he was denied the ability to shave for several months. During this time, he allegedly informed Warden William Hyatte, Deputy Warden of Operations Jacqueline Scaife, Major Robert Bennett, and others that he "medically needed to shave" because he needed to be clean-shaven in order to apply a steroid cream to his face. He alleges prison policy specifies that he should be allowed to shave 3 times a week, but custody staff and the prison's Policy Coordinator refused to follow it. Having communicated his complaints and seeing no resulting change, Wadsworth saw a doctor, who wrote a medical order in August of 2022 asking that Wadsworth be given permission to shave. After the medical order was written, staff permitted Wadsworth to shave.

As Wadsworth has been told previously, a policy violation is not enough to establish a constitutional violation; instead he had to allege how the inability to shave personally harmed him. *See* ECF 7 at 2-3; ECF 10 at 4-5. Here, he focused on his medical need to shave. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" If it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v.* Daley, 414 F.3d 645, 653 (7th Cir. 2005). In order to show that the three named defendants (Warden Hyatte, Deputy Warden Scaife, and Major Bennett)

2

were deliberately indifferent, Wadsworth must show each "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992).

On the first prong, up until a doctor ordered that Wadsworth be allowed to shave, he has not plausibly alleged that any defendant could have been aware that he had a serious medical need. Prior to diagnosis, there are no facts alleged which suggest that Wadsworth's condition would be easily recognizable as something that which required a doctor's attention or otherwise constituted a serious medical need. Then, once there was a doctor's order, prison staff complied and allowed him to shave. Thus, the amended complaint does not plausibly allege any defendant was deliberately indifferent.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

4

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on February 13, 2023

                                              /s/JON E. DEGUILIO
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT